# NO. 12-22-00231-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CLAYTON ALAN MEISCH,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Clayton Alan Meisch appeals following the revocation of his community supervision. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant pleaded "guilty" to one count of aggravated assault and a second count of aggravated assault with a deadly weapon. Thereafter, the trial court sentenced Appellant to imprisonment for ten years on the first count but suspended Appellant's sentence and placed him on community supervision for ten years. As to the second count, the trial court deferred finding Appellant "guilty" and placed him on community supervision for ten years.

Subsequently, the State filed a motion to revoke Appellant's community supervision and to adjudicate guilt, in which it alleged that Appellant violated certain terms and conditions of his community supervision. Specifically, the State contended that Appellant violated the terms of his community supervision by violating the law, having committed the offenses of evading arrest or detention with a motor vehicle, possessing methamphetamine, and possessing marijuana.

A hearing was conducted on the State's motion, at which Appellant pleaded "not true" to

the aforementioned violations alleged in the State's motion. In support of its motion, the State elicited testimony from, among others, Nacogdoches County Sheriff's Deputy Joshua Sparks. Sparks testified that, on April 6, 2019, he attempted to make contact with Appellant following a complaint that he was at his father's property engaging in harassment. Sparks testified that he pulled his patrol vehicle up to the rear of the Dodge Charger, of which Appellant was the sole occupant. Sparks, while in uniform, approached the driver's side of the vehicle and knocked on the window. According to Sparks, Appellant drove out of the driveway and continued away in the vehicle at a high rate of speed. The video footage depicting these events from Sparks's body camera and his patrol vehicle's dash camera was introduced into evidence.

Nacogdoches County Sheriff's Deputy Charles Simpson also testified on the State's behalf. Simpson testified that on July 5, 2020, he observed a vehicle he knew primarily to be operated by Appellant. After verifying that Appellant had active warrants, Simpson initiated a traffic stop on the vehicle. Simpson stated that the driver of the vehicle was not Appellant, but that when he asked the driver to roll down the vehicle's rear window, he observed Appellant lying on the floor in the backseat area, which he characterized as Appellant's attempting to conceal himself. Simpson detained Appellant and, during his ensuing search of the vehicle, located both methamphetamine and marijuana concealed behind the vehicle's glove compartment.

At the conclusion of the hearing, the trial court found that Appellant violated the terms and conditions of his respective community supervision as alleged in the State's motion. Thereafter, it revoked Appellant's community supervisions, adjudicated him "guilty" of aggravated assault and aggravated assault with a deadly weapon, and sentenced him to imprisonment for ten years and sixteen years respectively. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well-acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of

2

the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We likewise have reviewed the record for reversible error and found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we ***grant*** Appellant's counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered June 8, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 8, 2023**

**NO. 12-22-00231-CR**

**CLAYTON ALAN MEISCH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1421057)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*